## CHAPMAN *v.* KEINDEL *et al.*

*(Circuit Court, D. Washington, W. D. March 14, 1891.)*

PUBLIC LAND—CONTESTED ENTRY—INJUNCTION.

Where the complainant claims ownership of land by mesne conveyances from one who originally entered it, and to whom the register and receiver of the land-office executed a receipt and certificate of purchase, and more than seven years afterwards the land was entered as a timber claim, and the register and receiver, having permitted this second application to be filed, propose to permit a contest, and have notified complainant to show cause why the first entry should not be canceled, an injunction will not be granted to restrain such contest, in the absence of any evidence of an intent to act unfairly or unlawfully.

In Equity.

*W. S. Beebe*, for complainant.

*P. C. Sullivan*, Asst. U. S. Atty., and *D. J. Crowley*, for defendants.

HANFORD, J. The object of this suit is to obtain an injunction to prevent the defendants Geoghegan and Swetland, who respectively hold the offices of register and receiver of the United States district land-office at Vancouver, from proceeding in a contest case instituted by the defendant Keindel, by which said defendant is endeavoring to secure title from the United States to a certain tract of public land, which was, on the 14th day of August, 1883, entered and paid for at said land-office, under the provisions of the act of congress of June 3, 1878, providing for the sale of timber land in certain states and in Washington Territory. The plaintiff claims to have acquired ownership of said land in good faith, by virtue of certain mesne conveyances from one Flynn, who originally entered the same at said land-office, and to whom the register and receiver executed and delivered a receipt and certificate of purchase. In October,

1890, the defendant Keindel made application at said land-office to purchase the same tract as timber land under the same act of congress. Notwithstanding the prior entry by Flynn, the register and receiver allowed this second application to be filed, and propose to permit Keindel to come in, more than seven years after allowing the first entry, and institute a contest; and have appointed March 16, 1891, as the day for hearing said contest and taking testimony to ascertain whether there are any grounds for canceling the first entry, and have notified the plaintiff to that effect, requiring him to appear at that time with his witnesses at the land-office at Vancouver to show cause why said entry should not be canceled; and the bill alleges that they threaten and intend to proceed with such contest, and to cancel said entry on the records of said land-office. The plaintiff contends that he will be harassed by said contest in the land-office, and will be compelled, in order to defend his rights in the premises, to suffer a loss of time, and incur a large expense; and that the register and receiver, after accepting the proofs and the money tendered by Flynn, and allowing his entry, and issuing to him a receipt and certificate therefor, have exhausted all power conferred on them by law; and that in said contest proceedings they are unwarrantably assuming to act in an official capacity, without authority of law or color of right; and he contends that for his protection against the injury about to be done him a court of equity should grant relief by restraining said officers from proceeding in such unlawful manner.

The appeal here made to the conscience of the court is a strong one. I consider the practice of the land department in delaying the issuance of patents for years after allowing entries of the public lands, and then permitting strangers, merely for their own gain, and individual selfish purposes, to institute contests for the setting aside of entries once allowed, as tending rather to invite and encourage the commission of frauds and perjuries than as a check to such evils. I am constrained, however, to hold that it would be an unwarrantable assumption of power for this court to control the action of the officers of the land department in the manner requested by the plaintiff. There may be sufficient reasons for an investigation as to the entry under which the plaintiff claims, and the officers of the government to whom is intrusted the administration of the laws relating to the sale and disposition of the public lands have the right to make such investigation, and should be allowed to do so without obstructions or hindrances being placed in the way by the courts, even if there should be no apparent reason for such investigation. A mere investigation is not in itself an interference with any of the plaintiff's rights. He is not obliged to attend at the time of hearing the proofs, nor to produce evidence in his own behalf, nor to incur any expense, if he does not choose to do so. If by law the register and receiver are empowered to determine any question affecting the validity of the entry made by Flynn, certainly the court should not interfere with them in the exercise of such power. The court will not assume that they have prejudged the case, or that they will act unfairly. If, in the facts of the case, there exist any substantial and valid grounds for canceling

the entry, then there is a way by which it may be canceled in accordance with law and equity. If the officers cannot themselves adjudge and finally determine the matter, they can cause proper proceedings to be instituted, in the proper forum; and, until compelled to do otherwise, the court will assume that the plaintiff will not be deprived of any interest he now has in the land, otherwise than by a proper and legal method. The fact that the officers have given notice of their intended investigation precludes the idea of any intention on their part to act in an unfair or unlawful manner, and the present application for a restraining order is at least premature. If, after an investigation, the officers should attempt to place obstacles in the plaintiff's way, to prevent him from perfecting his title to the land, by allowing another party to enter it, and so acquire a colorable right to the land, and a standing to harass and annoy plaintiff by litigation, then a question may arise which at this stage of the proceedings cannot with propriety be passed upon. The question whether officers of the land department can in any case lawfully cancel an entry, once allowed, is very serious and important, and it has been ably argued by counsel in this case. The same question is involved in other cases which have been argued before me, and are now under advisement, in which its decision is necessary to the determination of the rights of the parties. It is not necessary, however, for me to pass upon the question now, as I must, in any event, for the reasons already stated, refuse to grant the plaintiff's present application for a restraining order. Let an order be entered accordingly, but with leave to renew the application upon a supplemental bill or further showing, if there shall be cause for doing so.